## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

---

FRIENDS OF LUBAVITCH, INC.
11621 Seven Locks Lane
Potomac, MD 20854

RABBI MENACHEM RIVKIN and SHEINA RIVKIN      Case No.
Chabad of Towson & Goucher      Jury Trial Demanded
14 Aigburth Rd
Towson, MD 21286

AVIGAIL LONDON and URI LONDON      **COMPLAINT**
6505 Sanzo Road, Apt. E
Baltimore, MD 21209

MARGARET KAY
514 S. Bouldin Road
Baltimore, MD 21224

DANIELLE GOLD
12510 Granite Ridge Drive
North Potomac, MD 20878

JESSICA TEICH
9211 Bluebird Terrace
Gaithersburg, MD 20879

ILAN PLUZNIK
3025 Fawnwood Drive
Ellicott City, MD 21042

ABBY ADELMAN
9732 Gudel Drive
Ellicott City, MD 21042

JESSICA RUDIN
2601 Woodley Place, Apt. 609
Washington, DC 20008

*Plaintiffs,*

*v.*

BALTIMORE COUNTY, MARYLAND
Historic Courthouse
400 Washington Ave.
Towson, MD 21204

BALTIMORE COUNTY DEPARTMENT OF PLANNING
The Jefferson Building, Suite 101
105 West Chesapeake Ave.
Towson, MD 21204

BALTIMORE COUNTY BOARD OF APPEALS
The Jefferson Building, Suite 203
105 West Chesapeake Ave.
Towson, MD 21204

CIRCUIT COURT FOR BALTIMORE COUNTY
Baltimore County Courts Building
401 Bosley Ave.
Towson, MD 21204

*Defendants.*

---

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND COMPENSATORY DAMAGES

### NATURE OF THE ACTION

This lawsuit is designed to preserve the rights of Jewish students at Towson University and Goucher College to engage in religious exercise and observance of the Jewish faith. Baltimore County officials falsely accused a rabbi of violating local zoning regulations when he sought a building permit to enlarge his residence that served as a "Chabad House." Because of these baseless allegations, a Maryland Circuit Court has ordered demolition of a building that was constructed at a cost of $800,000 following issuance of a building permit. Unless the demolition is enjoined by this Court, Jewish students will be deprived of their rights (a) to engage in religious observance on Sabbaths and Jewish holidays, (b) to partake of festive kosher meals, (c) to join in Jewish prayer and traditional Jewish observances, and (d) to study Jewish religious texts. Pursuant to the teaching and practice of Chabad-Lubavitch elsewhere in the United States and across the globe, these activities are conducted on premises that are the residences of rabbis designated by the Chabad-Lubavitch movement. The relief requested herein

are (a) an injunction against disruption or demolition  of the constructed building, (b) an injunction and declaratory judgment that would enable the Plaintiffs to make full use of the expansion that has been constructed on 14 Aigburth Road for their religious exercise, and (c) compensatory damages for costs incurred by Plaintiffs in their improperly obstructed efforts to obtain a building permit and for personal injuries suffered by the Plaintiffs in the improper and unjustified attacks on their character and their conduct.

## JURISDICTION AND VENUE

1.   This is an action under 28 U.S.C. § 1331 to enforce Plaintiffs' rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.*, and under 42 U.S.C. § 3604 and 42 U.S.C. § 1983. There is supplementary federal jurisdiction over the Ninth Claim under 28 U.S.C. § 1367(a).

2.   Venue exists in this District pursuant to 28 U.S.C. § 1391(b) because all events giving rise to the claims in this Complaint occurred in this District and all Defendants are subject to personal jurisdiction in this District.

## PARTIES

3.   Plaintiff Friends of Lubavitch ("FOL") is a Maryland religious corporation formed in 1974 to support and develop the religious and educational activities of the Chabad-Lubavitch movement in the State of Maryland. Since its inception, FOL has been instrumental in establishing 27 Chabad centers, a rabbinical school, and a religious primary school.

4.   Plaintiff Rabbi Menachem Rivkin is the rabbi designated by Chabad-Lubavitch to reside in and administer the Towson Chabad House for the benefit and religious observance of students at Towson University and Goucher College.

5.   Plaintiff Sheina Rivkin is the wife of Rabbi Menachem Rivkin and assists her husband in administering the Chabad House at Towson.

6.   Plaintiff Avigail London is an alumna of Goucher College and Towson University who currently engages in Jewish religious observance on Sabbaths and Jewish holidays at the Towson Chabad House and engaged in Jewish religious observances as a guest at the Towson Chabad House on Sabbaths, Jewish holidays, and other festive Jewish religious occasions during her undergraduate years.

7.   Plaintiff Uri London is an alumnus of Goucher College who currently engages in Jewish religious observance on Sabbaths and Jewish holidays at the Towson Chabad House and engaged in Jewish religious observances as a guest at the Towson Chabad House on Sabbaths, Jewish holidays, and other festive Jewish religious occasions during his undergraduate years.

8.   Plaintiff Margaret Kay is an alumna of Towson University who currently engages in Jewish religious observance on Sabbaths and Jewish holidays at the Towson Chabad House and engaged in Jewish religious observance as a guest at the Towson Chabad House on Sabbaths, Jewish holidays, and other festive Jewish religious occasions during her undergraduate years.

9.   Plaintiff Danielle Gold is an alumna of Towson University who was president of the Chabad Student Board and regularly engaged in Jewish religious observances at Towson Chabad House during her undergraduate years. Plaintiff Gold currently visits Towson Chabad House frequently to engage in Jewish religious observance at Towson Chabad House.

10. Plaintiff Jessica Teich is currently a senior at Towson University who engages at Towson Chabad House in Jewish religious observance, including maintaining a religiously prescribed kosher diet and attending  Towson Chabad House religious programs.

11. Plaintiff Ilan Pluznik is currently a sophomore at Towson University who engages at Towson Chabad House in Jewish religious observance, including preparation of, and attendance at, Sabbath meals. Plaintiff  Pluznik participates in Chabad House programming and classes.

12. Plaintiff Abby Adelman is currently a senior at Towson University who regularly attends Jewish religious observances, including Sabbath meals, at Towson Chabad House.

13. Plaintiff Jessica Rubin is an alumna of Towson University who regularly engaged in Jewish religious observances, including Sabbath meals and classes in Jewish history and tradition, at Towson Chabad House during her undergraduate years. Plaintiff Rubin currently attends many Sabbath meals and continues to participate in Jewish religious learning and observance at Towson Chabad House.

14. Defendant Baltimore County is a chartered county of the State of Maryland and is a "government" as defined by 42 U.S.C. § 2000cc-5(4)(A)(i).

15. Defendant Baltimore County Department of Planning is an agency of Baltimore County that acts under color of State law and is a "government" as defined by 42 U.S.C. § 2000cc-5(4)(A)(ii) and 42 U.S.C. § 2000cc-5(4)(A)(iii).

16. Defendant Baltimore County Board of Appeals is an agency of Baltimore County that acts under color of State law and is a "government" as defined by 42 U.S.C. § 2000cc-5(4)(A)(ii) and 42 U.S.C. § 2000cc-5(4)(A)(iii).

17. Defendant Circuit Court for Baltimore County is an agency of the State of Maryland that acts under color of State law and is a "government" as defined by 42 U.S.C. § 2000cc-5(4)(i), 42 U.S.C. § 2000cc-5(4)(ii), and 42 U.S.C. § 2000cc-5(4)(iii).

## FIRST CLAIM – RLUIPA SECTION (a)(1)

18. In September 2008 plaintiff FOL purchased the property at 14 Aigburth Road, Towson, Maryland (the "property"), to be used as a "Chabad House" to provide Jewish religious hospitality and education for students at Towson University and Goucher College.

19. Towson University is located approximately 700 feet west of 14 Aigburth Road. Goucher College is approximately 1.7 miles from 14 Aigburth Road. The property was selected because of its proximity to both institutions so that students would be able to walk to the Chabad House on the Jewish Sabbath and festivals without having to travel by automobile, which is prohibited on these days by Jewish observance. The closest Orthodox Jewish synagogue is 7.1 miles away from the property.

20. First Church of Christ, Scientist, Towson is located approximately 400 feet east of the property on the opposite side of the street. Towson High School is located approximately 700 feet east of the property. Cardiff Hall Apartments is located approximately 200 feet west of the property. The Maples of Towson, which is an assisted living community, is located approximately 500 feet west of the property.

21. Plaintiffs Menachem Rivkin and his wife, plaintiff Sheina Rivkin ("the Rivkin Plaintiffs"), were assigned by the Chabad-Lubavitch Hasidic movement to reside in the property and conduct Jewish religious activities for students and neighbors in the property as a "Chabad House." The Rivkin Plaintiffs moved into the existing house on the property in September 2008. The existing house was approximately 2200 square feet.

22. The Rivkin Plaintiffs are Orthodox Jews who adhere to the Chabad-Lubavitch Hasidic movement. Their religious exercise and observance includes the duty to provide hospitality and

education to Jewish students at the neighboring university and college and to other Jewish residents of the area.

23. Chabad-Lubavitch is an international Jewish Orthodox movement that teaches and practices Jewish religious observance in almost 4000 locations in more than 85 countries across the globe. Rabbinic emissaries ("shluchim") are assigned by Chabad-Lubavitch to each of these locations in order to assist local Jews in the exercise of their religious observances. The premises on which these religious observances are conducted and where the "shluchim" frequently reside are called "Chabad Houses."

24. Chabad Houses serve university and college communities in more than 50 locations in the United States. "Shluchim" and their immediate families reside in many of these Chabad Houses. The zoning classification of most of the Chabad Houses in which "shluchim" reside and which serve universities and colleges in the United States, including Columbia University in New York, University of Connecticut in Connecticut, University of California at Los Angeles ("UCLA") in California, Dartmouth University in New Hampshire, and University of Cincinnati in Ohio, is "residence" or its local equivalent.

25. From the date on which the Rivkin Plaintiffs moved into their home, the property was openly conducted as a campus "Chabad House" providing Jewish hospitality, including kosher meals and other Jewish religious celebrations and observances for Jewish students at Towson University and Goucher College. Like other "Chabad Houses" at universities across the United States, its purpose was hospitality for Jewish students who needed a site where they would have meals meeting Jewish dietary laws and would be able to celebrate Jewish holidays together and participate in Jewish prayer.

26. FOL and the Rivkin Plaintiffs reasonably expected, from the time the property was purchased to the date of filing this Complaint, that the property would be used for these religious purposes. That expectation was publicly demonstrated by their use of the property for religious purposes beginning as soon as the Rivkin Plaintiffs moved in.

27. Promptly after the Rivkin Plaintiffs moved into the premises they posted a sign on the premises identifying it as a Chabad House. The Rivkin Plaintiffs then began inviting students at Towson University and Goucher College to participate in festive Shabbat and Jewish holiday meals, to engage in Jewish religious observances, and to study Jewish religious texts. This religious activity was open and public, was not concealed in any manner, and was known to those residing nearby.

28. Avigail London, Uri London, Margaret Kay, Danielle Gold, Jessica Teich, Ilan Pluznik, Abby Adelman, and Jessica Rudin ("the Student Plaintiffs") attended and continue to attend Jewish religious events and observances as well as kosher Sabbath and holiday meals pursuant to public notices and invitations from the Rivkin Plaintiffs and Chabad House. If there were no Chabad House on the property, the Student Plaintiffs would not be able to observe and learn the rules and traditions of the Jewish religion.

29. Because the Chabad House satisfied the religious needs of Jewish students at Towson and Goucher and because the Rivkin Plaintiffs successfully conveyed Jewish teachings and observances, the popularity of the Chabad House increased. In order to accommodate the larger numbers, FOL and the Rivkin Plaintiffs decided to expand their residence and enlarge the existing building.

30. The Defendants imposed and implemented Baltimore County land use regulations between 2014 and the date of filing this Complaint in a manner that imposed substantial burdens

and expenses on the religious exercise of the Plaintiffs by delaying, obstructing, and finally

seeking to prevent the expansion of the Chabad House building and the religious use of any

expansion. The Defendants imposed these burdens for no compelling governmental interest and

by means that were unnecessarily restrictive. These means are described in detail in Paragraphs

31 through 63 of this Complaint.

31. In December 2011, Plaintiff Rabbi Rivkin met with the heads of five Departments of the

Baltimore County government to consult them regarding possible expansion of the existing

building on the property. They told him to meet with neighbors to discuss an expansion. Rabbi

Rivkin followed their advice and meetings with neighbors were held.

32. FOL and Rabbi Rivkin obtained financing for the construction of an expansion in or

about May 2014. Plaintiff Rabbi Rivkin then consulted Arnold Jablon, who is the Director of

Permits, Approvals, and Inspections of Baltimore County, and Carl Richards, who is the

Assistant Director. Jablon told Rabbi Rivkin that he would grant a building permit for the

expansion if Chabad House qualified under local zoning laws as a "synagogue."

33. Following this meeting, Plaintiff Rabbi Rivkin reasonably concluded that Jablon's office

would grant a building permit.

34. FOL and the Rivkin Plaintiffs held a public ground-breaking in June 2014 in the belief

that a building permit would be issued and that the Rivkin residence would be expanded to

accommodate the increased attendance at meals and other Jewish religious events hosted by the

Chabad House.

35. FOL and the Rivkin Plaintiffs had no desire or intention to build a synagogue on the

property. As was true from the time that the Chabad House opened, its purpose was to be a

residence for the Rivkin Plaintiffs and their immediate family, to provide hospitality in the

Rivkin Plaintiffs' residence by offering kosher Sabbath and Jewish holiday meals to students and to other Jews living in the neighborhood, to engage in occasional Jewish prayer, and to provide education regarding Jewish religious observance.

36. Jablon's statement  that he would grant a building permit for the expansion only if the Chabad House qualified under local zoning laws as a "synagogue was made by Jablon in order to hinder construction of the proposed expansion because of opposition to the expansion from neighbors and others in the Towson community.

37. When Plaintiff Rabbi Rivkin attempted to meet with Jablon in October 2014 to show him plans for the extension, Jablon refused to meet with him.

38. Plaintiff Rabbi Rivkin tried to satisfy the demands of neighbors in late 2014 by reducing the height of the proposed extension and modifying the front of the building to appear more "residential." At their request, he made no formal request that the expansion or original building qualify as a "synagogue."

39. On January 29, 2015, without providing any warning to FOL or to the Rivkin Plaintiffs, Linda Walker, Code Enforcement Officer for Baltimore County, acting under color of Maryland law, issued a "Code Enforcement Correction Notice" against the Chabad House property. The "Notice" alleged that the Chabad House was an "illegal House of Worship/ Religious Institution" that did not meet "the RTA requirements, the parking requirements and the Non Residential Principle Setback requirements" of Baltimore County Zoning Regulations, and that it was "a Community Building" that failed to have a "Special Exception Hearing." The "Notice" was converted to a "Citation" on March 2, 2015.

40. The Chabad House was not an "illegal House of Worship/Religious Institution" or a "Community Building." It was a residence at which the Rivkin Plaintiffs and the Chabad-

Lubavitch movement were engaging in religious hospitality and teaching. It did not have to meet any "RTA requirements" specified in the "violation."

41. The intended and necessary effect of the issuance of the "Notice" and "Violation" was (a) to impede, hinder, and delay the construction of the Chabad House extension and thereby substantially burden the religious exercise of the Plaintiffs, (b) to prevent all Plaintiffs from engaging in religious activities, (c) to impose costs and expenses on FOL and the Rivkin Plaintiffs, and  (d) to cause substantial aggravation and emotional harm to the Rivkin Plaintiffs in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Issuance and publication of the "Notice" also defamed Plaintiff Rabbi Rivkin.

42. Jablon and Richards told Plaintiff Rabbi Rivkin and his attorney that they should request a hearing pursuant to BCZR Section 500.7 without explaining why a hearing was necessary. Plaintiff Rabbi Rivkin followed this instruction. A hearing was conducted before Administrative Law Judge John E. Beverungen on June 19 and 25, 2015. FOL and the Rivkin Plaintiffs were represented by counsel for this hearing at substantial expense.

43. Andrea Van Arsdale, Director of the Baltimore County Department of Planning, acting under color of State law, recommended that the Chabad House petition be denied because it "was operating a 'community building,' which would require a special exception." In fact, the Chabad House was not a "community building."

44.  The intended and necessary effect of the Department of Planning's recommendation was to substantially burden the religious exercise of the Plaintiffs by delaying the construction of the projected Chabad House extension and to cause costs and injuries of the kind specified in Paragraph 41 of this Complaint.

45. Administrative Law Judge Beverungen ruled on June 26, 2015, that the Chabad House was not "a residential parsonage," although he acknowledged that it was used for religious purposes, because it was not attached to a house of worship. He denied Plaintiff Rabbi Rivkin's motion for reconsideration on August 10, 2015, noting that Baltimore County refused to withdraw the zoning citation and that he had "no authority to insist that the Code Enforcement Bureau rescind a citation or correction notice issued by one of its inspectors." These rulings delayed the construction of the proposed Chabad House extension.

46. On August 20, 2015, Plaintiff Rabbi Rivkin, through counsel, asked Baltimore County in a letter attached to this Complaint as Exhibit A to advise "what specific objection(s) the County has to Rabbi and Mrs. Rivkin's submitting their building plans for review, comment and approval by the County so that the Rivkins, like any other citizens of this County, may exercise their rights to improve their home as they deem fit so long as the plans they propose are compliant with applicable County zoning and building codes."

47. Jablon then told Plaintiff Rabbi Rivkin that he would not provide a building permit for the expansion unless Plaintiff Rabbi Rivkin applied again for a hearing pursuant to BCZR Section 500.7.

48. Because of Jablon's statement, Plaintiff Rabbi Rivkin applied for a second hearing. A second hearing was conducted before Administrative Law Judge Beverungen on March 31, 2016. FOL and the Rivkin Plaintiffs were represented by counsel for this hearing at substantial expense.

49. Van Arsdale and Jablon opposed the Chabad House application on the ground that the expansion would not "be solely for '*additional living space for the family who resides therein*'" (emphasis original) because the Rivkin Plaintiffs were hosting "Shabbat Dinner and Lunch" on

12

the site. The Baltimore County Zoning Code does not restrict the right of owners of residences to limit use of their homes to "the family who [sic] resides therein" or prohibit expansion of residences to accommodate many additional guests.

50. The intent and necessary effect of this submission by officers and agents of Baltimore County acting under color of law was to delay and prevent the religious exercise of the Plaintiffs by preventing and delaying approval of the application of Plaintiff Rabbi Rivkin to expand the Chabad House and to cause the costs, expenses, and personal injury described in Paragraph 41 of this Complaint.

51. On April 6, 2016, Administrative Law Judge Beverungen approved the application submitted by Plaintiff Rabbi Rivkin for expansion of the Chabad House.

52. On April 19, 2016, Plaintiff Rabbi Rivkin received a building permit to expand the Chabad House, and construction began on June 6, 2016.

53. On July 27, 2016, Plaintiff Rabbi Rivkin was informed by a neighbor that a covenant in a 1950 deed on the property provided that a dwelling on the property "shall have a setback equal to one-half of the total setbacks of the two houses erected on the lots adjoining to the East and West thereof, measured to the centre of said houses, exclusive of porches."

54. By July 27, 2016, it was too late to terminate the construction and revise the plan for the extension without incurring enormous expense. Consequently, construction continued pursuant to the building permit.

55. The policy of Baltimore County, as expressed in Bill No. 137-2004, is to exempt churches "from any setback required from adjoining residential zone boundary lines."

56. A neighbor of the Chabad House and a neighborhood organization initiated a lawsuit in the Circuit Court for Baltimore County to enforce the 1950 covenant.

57. The Circuit Court for Baltimore County, per Judge Susan Souder, conducted a trial on March 30 and 31, 2017. FOL and the Rivkin Plaintiffs were represented by counsel for this proceeding at substantial expense.

58. The Circuit Court Judge did not limit evidence at the trial to the issue presented by the belated discovery of the 1950 covenant. The Circuit Court Judge heard testimony regarding community objection "to the size, bulk, and architecture of the Structure." The Circuit Court Judge found, in a decision rendered on April 7, 2017, that the setback covenant applied and granted injunctive relief after considering that there was "widespread opposition from the community regarding construction of the Structure" from the time when "the idea was first proposed in 2012." The Circuit Court Judge's opinion noted that "the opposition intensified and became more organized beginning in 2014." The Circuit Court ordered "removal" of the violation of the 1950 setback covenant.

59. On September 5, 2017, after Judge Souder's order, the Board of Appeals of Baltimore County issued a 2-to-1 ruling that declared that Chabad House's use of the property "has exceeded the use compatible with that of a residential property" and that it "has assumed the dual status of a residence and a community center by consistently hosting events advertised to hundreds of people and attended by scores, and by acting as an outreach center to college students." These statements were erroneous, baseless, and defamatory of Plaintiff Rabbi Rivkin. They unjustifiably implied that Rabbi Rivkin had acted deceptively. The majority opinion neither cited nor discussed any zoning provision defining a "community center," and the dissenting opinion noted that the zoning status of the building was a "vexing question."

60. The intent and necessary effect of the 2-to-1 decision issued by the Board of Appeals of Baltimore County on September 5, 2017, was to hinder and obstruct use of the Chabad House

expansion for religious exercise by the Plaintiffs and to cause costs, expenses, and personal injuries such as those described in Paragraph 41 of this Complaint and to defame and damage the credibility of Plaintiff Rabbi Rivkin. It was part of a pattern of actions by the Defendants that violated and continue to violate provisions of RLUIPA.

61. The decision of the Circuit Court of April 5, 2017, was affirmed by the Court of Special Appeals of Maryland on October 23, 2018. The opinion of the Court of Special Appeals described the "Zoning Hearings" and concluded, based largely on the false and defamatory alleged zoning violations, that there was "no abuse in discretion by the trial court fashioning an injunction akin to specific performance."

62. The Circuit Court for Baltimore County had appointed Debra C. Dopkin as a Receiver to administer compliance with the Circuit Court's injunction directing "removal" of the setback violation. The Receiver recommended to the Circuit Court that the original home on the property be removed and that the expansion be relocated to satisfy the 1950 setback covenant. This recommended relief would allow use of the expansion, but at an expense of approximately $250,000 to move the existing structures.

63. On October 31, 2018, the Circuit Court for Baltimore County, per Judge Kathleen Gallogly Cox, rejected the Receiver's recommendation with a 10-page Memorandum Opinion (Exhibit B to this Complaint), which recounted the "History of Administrative Proceedings" and quoted the unsubstantiated, baseless, and defamatory conclusion of the majority of the Board of Appeals of Baltimore County that "FOL has been using the property without obtaining necessary approvals or complying with regulations." On this basis and on a totally unjustified conclusion based on the Baltimore County Board of Appeals' false findings regarding Rabbi Rivkin, Judge Cox concluded that Rabbi Rivkin had "unclean hands." The Circuit Court found that the

Receiver's recommendation would "tacitly endorse that which has been repeatedly found to be a violation of existing restrictions in the residential community," and ordered that the expansion be "razed."

64. The assertions of the Defendant Baltimore County Board of Appeals quoted by the Circuit Court and relied on for its determination to "raze" the expansion had been  stated in order to delay, hinder, and obstruct construction of the Chabad House expansion and prevent its use for exercise of the Plaintiffs' religious exercise.

65. An application to stay enforcement of the order of the Defendant Circuit Court was filed by FOL and the Rivkin Plaintiffs on December 12, 2018. On December 19, 2018, the Circuit Court notified FOL and the Rivkin Plaintiffs that it would conduct a brief hearing on the motion to stay no earlier than January 7, 2019.

66. Razing the Chabad House expansion based on the false erroneous assertions by Baltimore County officials that the Chabad House expansion violates local zoning restrictions will impose a substantial burden on the religious exercise of all the Plaintiffs. The Rivkin Plaintiffs will be unable to perform the teaching of Jewish religious observance that they deem mandatory. The Student Plaintiffs, who are current and former Jewish students at Towson University and Goucher College, will be deprived totally of any opportunity to practice Jewish religious observances such as community Shabbat and festival kosher meals, Jewish prayer, and instruction in the Jewish religion.

67. The Defendants cannot demonstrate that preventing use of the expanded premises in their present location and/or demolition of the expansion furthers any compelling governmental interest and is the least restrictive means of furthering a compelling governmental interest.

68. This federal court has broad remedial authority to carry out the objectives of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Hence this Court should order that the expanded premises be retained at their existing location, that there be no interference by the Defendants with use of the premises for religious exercise by the Plaintiffs, and that the Baltimore County Defendants pay compensatory damages to all Plaintiffs. The Court should, in the exercise of Supplemental Jurisdiction,  direct that appropriate compensatory damages be paid by the Baltimore County Defendants to FOL and the Rivkin Plaintiffs for injury to their reputation resulting from the defamatory statements of officers and employees of Baltimore County.

## SECOND CLAIM – RLUIPA SUBSECTION (b)(1)

69. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if set forth fully herein.

70. On information and belief the Defendants did not impose on any secular organization or institution the same or similar conditions and burdens that they imposed on Plaintiff FOL, the Rivkin Plaintiffs, the Individual Plaintiffs, and the Chabad House.

71. The Defendants' implementation of the Baltimore County land use regulations imposed standards and conditions that treat religious institutions on less than equal terms with nonreligious institutions in violation of subsection (b)(1) of RLUIPA.

## THIRD CLAIM – RLUIPA SUBSECTION (b)(2)

72.  Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if set forth fully herein.

73. On information and belief the Defendants have not imposed on any secular organization or institution the same or similar conditions and burdens that they imposed on Plaintiff FOL, the Rivkin Plaintiffs, the Individual Plaintiffs, and Chabad House.

74. The Defendants' implementation of the Baltimore County land use regulations discriminate against Plaintiff FOL, the Rivkin Plaintiffs, the Individual Plaintiffs, and the Chabad House on the basis of their religion and religious denomination in violation of subsection (b)(2) of RLUIPA.

**FOURTH CLAIM – RLUIPA SUBSECTION (b)(3)(A)**

75. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if set forth fully herein.

76. The Defendants' implementation of the Baltimore County land use regulations will totally exclude the Chabad House religious activity from Baltimore County in violation of subsection (b)(3)(a) of RLUIPA.

**FIFTH CLAIM – RLUIPA SUBSECTION (b)(3)(B)**

77. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if fully set forth herein.

78. The Defendants' implementation of the Baltimore County land use regulations unreasonably limits the religious activity of the Plaintiffs in violation of subsection (b)(3)(b) of RLUIPA.

**SIXTH CLAIM – SECTION 1983 – RELIGION**

79. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if fully set forth herein.

80. The Defendants' implementation of the Baltimore County land use regulations deprives the Plaintiffs of constitutional rights to the free exercise of religion.

## SEVENTH CLAIM – SECTION 1983 – EQUAL PROTECTION

81. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if fully set forth herein.

82. The Defendants' implementation of the Baltimore County land use regulations deprives the Plaintiffs of the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

## EIGHTH CLAIM – SECTION 1983 – DUE PROCESS

83. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if fully set forth herein.

84. The Defendants' implementation of the Baltimore County land use regulations arbitrarily denies to the Plaintiffs rights to which the Plaintiffs may not be deprived without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

## NINTH CLAIM – SUPPLEMENTAL JURISDICTION – DEFAMATION

85. This Court has Supplemental Jurisdiction under 28 U.S.C. § 1367(a) of the defamation claim alleged in Paragraphs 86 to 90 of this Complaint.

86. Paragraphs 18 through 68 of this Complaint are hereby incorporated by reference as if fully set forth herein.

87. The statements regarding Plaintiffs FOL and Rabbi Rivkin described in Paragraphs 39, 43, 49, and 58 of this Complaint were made by agents and employees of Defendants Baltimore County, Baltimore County Department of Planning, and Baltimore County Board of Appeals in the scope of their employment and under color of Maryland law.

88. The individuals who made the statements described in Paragraphs 39, 43, 49, and 58 of this Complaint knew that their statements regarding Plaintiffs FOL and Rabbi Rivkin were false and that he was operating the Towson Chabad House lawfully in accordance with zoning laws. They made the false statements regarding FOL and Rabbi Rivkin in order to delay, obstruct, and prevent the construction and use of any expansion of the Towson Chabad House.

89. As a result of the false statements regarding Plaintiffs FOL's and Rabbi Rivkin's operation of the Towson Chabad House described in Paragraphs 39, 43, 49, and 58 of this Complaint, Circuit Judges Souder and Cox concluded that Plaintiffs FOL and Rabbi Rivkin were untrustworthy and had "unclean hands."

90. Defendants Baltimore County, Baltimore County Department of Planning, and Baltimore County Board of Appeals are liable to pay compensatory damages to Plaintiffs FOL and Rabbi Rivkin for the damage to their reputation caused by the knowingly false statements of their employees and agents.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs request that this Court grant the following relief:

a)  Declare that the conduct of the Defendants in burdening the religious exercise of the Plaintiffs in the operation of the Chabad House (i) violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), (ii) violates Plaintiffs' constitutional rights to the free exercise of religion, (iii) violates Plaintiffs' constitutional rights to equal protection of the laws, and

b)  Issue preliminary and permanent injunctions against disruption, destruction, "razing," and disturbance of any kind of the extension of the Chabad House serving Towson and Goucher, and

enjoin any and all interference by the Defendants or their agents with Plaintiffs' use and occupancy of the extension on its present location for religious exercise; and

c)   Award compensatory damages to Plaintiffs Friends of Lubavitch, Inc., Rabbi Menachem Rivkin, and Sheiny Rivkin against  Defendants Baltimore County, Baltimore County Department of Planning, and Baltimore County Board of Appeals in the amount of Ten Million Dollars ($10,000,000);  and

d)   Award to the Plaintiffs full attorneys' fees and litigation costs arising from the institution and pursuit of this action; and

e)  Grant to the Plaintiffs such other further relief as is just and proper.

 Respectfully submitted on this 20th day of December 2018,

s/Nathan Lewin

Nathan Lewin, Esq. (D. Md. 03312)
LEWIN & LEWIN, LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000
nat@lewinlewin.com

David Felsen
FELSEN & SARGENT, LLC
600 Jefferson Plaza, Suite 201
Rockville, MD 20852
(301) 251-4010
dfelsen@mdlawyers.com

*Attorneys for Plaintiffs*

**VERIFICATION**

I, MENACHEM RIVKIN, hereby affirm under penalty of perjury as follows: I am one of Plaintiffs in the above-entitled action. I have read the foregoing Complaint. To the best of my knowledge, information, and belief the contents are true, except as to matters therein stated to be alleged on information and belief.

Dated:  December 20, 2018                  _____

                                                                    MENACHEM RIVKIN