LAW OFFICES

# SAGAL, FILBERT,
# QUASNEY & BETTEN, P.A.

STUART L. SAGAL
ALVIN J. FILBERT, JR
DANIEL W. QUASNEY
ALAN BETTEN
LETECIA ROLLINS
RICK M. GRAMS*
CHERYL L. MATTHEWS
MINDY MEZ SALER

*Admitted in MD and PA

600 WASHINGTON AVENUE, SUITE 300
TOWSON, MARYLAND 21204

Telephone: 410-823-1881
Fax: 410-823-8032

OF COUNSEL

KIMBERLY A. MANUELIDES
STANLEY I. MORSTEIN
_____
HOWARD CASSIN
(1951 – 2005)

August 20, 2015

R. Brady Locher, Esq.
Assistant County Attorney
Permits, Approvals and Inspections
County Office Building
111 West Chesapeake Avenue
Towson, Maryland 21204

> RE:   Citation CC1500406
>       Petition for Special Hearing, Case No. 2015-0223-SPH
>       Property: 14 Aigburth Road

Dear Brady:

As you know, on January 29 of this year, Baltimore County issued a Code Enforcement Correction Notice directing, among other things, that the owner of 14 Aigburth, Friends of Lubavich, Inc., "Obtain a Change of Occupancy permit for a change of 'use of residential dwelling... [and] Cease the illegal House of Worship/Religious Institution without the benefit of meeting the RTA requirements... [and] Cease the illegal operation of a Community Building without the benefit of a Special Exception Hearing." The Notice was converted to a Citation on March 2.

As you also know, at the same time the Citation was issued, Rabbi Rivkin, who resides in 14 Aigburth (the "Property") together with his wife and their four children, was in the process of seeking building permit approval for an addition on the home. Rabbi Rivkin was advised and I subsequently have confirmed that until the Citation is cleared, no plans will be accepted by the County, much less processed.

Alan Betten, Rabbi Rivkin and I met with you and Carl Richards on March 9 to discuss the Citation and Rabbi Rivkin's building plans. After explaining to you the current use of the house by the Rabbi and his family and their anticipated use of the addition, you and Carl recommended that we file a Petition for a Special Hearing to confirm the use of the Property as a parsonage. Action on the Citation would be stayed pending the outcome of the Special Hearing.

This we did. On April 14th we filed a Petition for a Special Hearing, seeking "confirmation of continued use as a residential parsonage, with accessory use for religious worship and religious education." A hearing on the Petition commenced on June 19 and

R. Brady Locher, Esq.
Page 2
August 20, 2015

continued on June 25. Extensive testimony was taken with regard to the Property's current use, e.g., Rabbi Rivkin and his wife both testified that they lived in the home with their children. They take their meals there; they sleep there; they do not open the house to strangers; they conduct their religious work off-site, on the Goucher and Towson campuses; like most other families, particularly Orthodox Jewish families, they host dinner for family and friends on Friday nights. In short, as observed by Judge Beverungen in his opinion, "Rabbi Rivken (sic) testified that the property is not used as a synagogue or community building…"

No one, not a single person at the hearing testified in contradiction to the Rabbi or Mrs. Rivkin. Rather, instead, the community testimony focused on the community's concerns about what the Property *might* be used for in the future were the building plans approved. Such concerns, noted Judge Beverungen at the hearing, were not germane to the issue of present use.

The Petition was denied, but not because the home is not being used as a residence. The Petition was denied because, in Judge Beverungen's opinion, the home was not affiliated with a church and therefore, Judge Beverungen concluded, it was not a parsonage. Specifically, "[i]t is simply not sufficient that the home be owned by a religious organization and lived in by a clergy member and his family…No evidence was presented to establish that Rabbi Rivkin is formally affiliated with or is in charge of that synagogue and congregation." As part of his analysis Judge Beverungen determined that the Property was not being used as a house of worship, which by itself would have justified its being a parsonage. Attached is a copy of Judge Beverungen's opinion for your convenience.

During the hearing, Judge Beverungen also stated that it was clear to him – and there was no contradiction presented by any of the opposing witnesses – that the Property was not being used as a community hall.

It is hard to imagine what more Rabbi and Mrs. Rivkin need to do to establish the fact that they do in fact reside in the home in which they live. The home was held not to be a parsonage because it was unaffiliated with a church. Rabbi Rivkin has no congregation, so the home cannot itself be a church, or a synagogue. It is not open to the public and has no open hours, so it cannot be a public meeting house.

Having followed the County's suggestion that a hearing be held on the use of the Property, and that hearing having clearly illuminated the Rivkin's use of their home as such, it confounds reason to require that the Rivkins go through the hearing process or, any other procedure, yet again for the purpose of clearing the Citation. The County cannot lawfully simply refuse to consider the evidence before it concerning the use of the Property. Under such circumstances, the County is duty bound to withdraw the Citation as improvidently issued and we request that the County do so.

It further confounds logic for the County to continue to refuse consideration of the Rivkins' building plans and indeed for the County to refuse to so much as accept the plans for consideration. As noted by Judge Beverungen in his Order on Motion for Reconsideration, this

R. Brady Locher, Esq.
Page 3
August 20, 2015

point there should be no impediment to the Rivkins having the right to simply deliver and file their plans. A copy of Judge Beverungen's Order is also attached.

Please let us know what specific objection(s) the County has to Rabbi and Mrs. Rivkin's submitting their building plans for review, comment and approval by the County so that the Rivkins, like any other citizens of this County, may exercise their rights to improve their home as they deem fit so long as the plans they propose are compliant with applicable County zoning and building codes.

Very truly yours,

Kimberly A. Manuelides