IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

FRIENDS OF LUBAVITCH, INC., *

 *Plaintiffs*, *

 v. * Case No.:  1:18-cv-03943-GLR

BALTIMORE COUNTY, MARYLAND, et al., *

 *Defendants*, *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT, CIRCUIT COURT FOR BALTIMORE COUNTY'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

At issue is whether a party who is unhappy with a court's decision may sue the court directly in federal court.  As the case law makes clear, this Court should dismiss all counts of the complaint brought against the Circuit Court for Baltimore County (the "Circuit Court") for alleged violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and alleged violations of Plaintiffs' constitutional rights brought through 42 U.S.C. § 1983.

The allegations against the Circuit Court arise solely out of the Circuit Court's order directing the removal and razing of an addition to a residential property that was built in violation of a restrictive covenant and whose use "expanded far beyond what can be fairly characterized as residential use."  (ECF No. 1-2, Mem. Op. at 10.)  That order presently is pending on appeal before the Maryland Court of Special Appeals.  Exhibit 2, *Zoll v. Friends of Lubavitch, Inc.*, Case No. 03-C-16-008420, docket at 16, 18.

Eleventh Amendment immunity bars all claims brought against the Circuit Court under RLUIPA and 42 U.S.C. § 1983; therefore, the complaint must be dismissed in its entirety against the Circuit Court.  The complaint is further subject to dismissal because under the *Rooker-Feldman* doctrine—which bars lower federal courts from considering issues raised and decided in state courts in addition to issues that were inextricably intertwined with the issues that were before the state courts— this Court lacks subject matter jurisdiction over the claims.  Finally, the complaint fails to state a claim against the Circuit Court upon which relief may be granted.  Even if this Court has jurisdiction to consider the action, it should abstain from exercising jurisdiction or stay this case pending resolution of on-going state appellate proceedings.

## FACTS

This case concerns an addition erected in front of a residential home located at 14 Aigburth Road (the "Property") by the Friends of Lubavitch ("FOL") for Rabbi Menachem Rivkin ("Rabbi Rivkin") and Sheina Rivkin (collectively, the "Rivkins") and the Chabad-Lubavitch of Towson.  *See Friends of Lubavitch, Inc. v. Zoll,* No. 03-C-16-008420, 2018 WL 5279363 at *1 (Md. App. Oct. 23, 2018) (attached as Exhibit 3).  "FOL is a charitable organization headquartered in Potomac, Maryland, incorporated in 1975 'to aid and support [ ] activities of the Lubavitch removement in Maryland.'"  *Id.*

A few months after FOL secured a permit to build the 6,600-square-foot addition in front of the home on the Property, FOL's neighbors informed FOL that the new building would violate a restrictive covenant running with the land that prohibits dwellings within a certain distance of the public street in front of the Property.  *Id.*  Despite this knowledge,

2

FOL continued to build even though at the time it was notified of the restrictive covenant, it had only excavated the land. *Id.*

### First Circuit Court Decision and Appeal

Shortly thereafter, on August 12, 2016, FOL's neighbors filed suit in the Circuit Court for Baltimore County to enjoin FOL from violating the restrictive covenant. *Id.*; Exhibit 2, docket at 1. On March 30 and 31, 2017, the case proceeded to trial before the Honorable Susan Souder, associate judge of the Circuit Court, at which time the FOL had already finished construction of the addition. (*Id.*; ECF No. 1, Compl. at ¶ 57.) The Circuit Court determined that "the building violated the restrictive covenant and ordered that FOL remove" the community center addition. Exhibit 3, 2018 WL 5279363 at *1. The FOL appealed that decision to the Maryland Court of Special Appeals, which affirmed the Circuit Court holding "that there was 'no abuse in discretion by the trial court fashioning an injunction akin to specific performance.'" (ECF No. 1, Compl. at ¶ 61.) FOL did not petition the Court of Appeals of Maryland to review the decision of the intermediate appellate court. (*See generally* Exhibit 2, docket.)

The Circuit Court then appointed a receiver to administer the parties' compliance with the injunction directing the "removal" of the addition. (*Id.* at ¶ 62.) The receiver recommended that the original home on the Property be removed and that the addition be relocated to satisfy the 1950 covenant. (*Id.*) FOL agreed with the receiver's recommendation. (ECF No. 1-2, Mem. Op. at 3.) FOL's neighbors, however, advocated razing rather than moving the addition. (*Id.*)

**Second Circuit Court Decision and Appeal**

On November 2, 2018, the Honorable Kathleen Gallogly Cox, administrative judge of the Circuit Court, filed a memorandum opinion rejecting the receiver's request for approval of construction management and contractor designation recommendation.  (ECF No. 1-2, Mem. Op. at 1, 10.)  The Circuit Court found that the use of the addition on the Property "has expanded far beyond what can be fairly characterized as residential use." (*Id*. at 8.)  The court ordered that the community center addition be razed and declined to order that the addition be moved to replace the original home on the lot, "as that would authorize the continuation of a commercial use that has been found to be non-compliant with restrictions on the property."  (*Id*. at 10.)  On December 3, 2018, FOL appealed this decision to the Court of Special Appeals of Maryland.  Exhibit 2, docket at 18.

On December 12, 2018, Plaintiffs moved to stay enforcement of the November 2 order, which was granted by the Circuit Court on January 10, 2019.  *Id.* at 17.  On February 11, 2019, the neighbors filed an appeal of the order granting the stay.  *Id.* at p. 18.

**Instant Suit**

On December 20, 2018 (prior to the granting of the stay of enforcement), Plaintiffs filed the instant action against the Circuit Court asserting five RLUIPA claims and three 42 U.S.C. § 1983 claims, alleging religious, equal protection and due process violations, solely seeking declaratory and injunctive relief.  (ECF No. 1, Compl. at 1-2, 20-21.) Plaintiffs asserted the same claims, as well as a defamation claim, against Baltimore County, Maryland, the Baltimore County Department of Planning, and the Baltimore County Board of Appeals, and seek declaratory and injunctive relief, compensatory

damages, and attorneys' fees.  (*Id.* at 1-2, 20-21.)  Plaintiffs generally assert that the Circuit Court's orders ordering removal and the razing of the addition violate RLUIPA and Plaintiffs' constitutional rights.  (ECF No. 1, Compl. at 20-21.)

## STANDARD OF REVIEW

### I.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter alleged in the a complaint.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005); *see e.g., Davarit v. Virginia Dept. of Transp.*, 434 F.3d 712 (2006) (reviewing the district court's dismissal of the plaintiff's claims under *Rooker-Feldman* for lack of subject matter jurisdiction).   Under Rule 12(b)(1), Plaintiffs bear the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction.  *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

### II.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim

upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  While a complaint need not include "detailed factual allegations," it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff cannot rely on bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This "plausibility" standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556.  That is, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation omitted).  In applying this standard, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79.

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus.,*

6

*Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017).  However, a court is not required to accept legal conclusions drawn from those facts.  *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## ARGUMENT

I. **ELEVENTH AMENDMENT IMMUNITY BARS ALL CLAIMS BROUGHT AGAINST THE CIRCUIT COURT UNDER RLUIPA AND 42 U.S.C. § 1983.**

   A. **The Circuit Court Partakes of the State's Eleventh Amendment Immunity.**

Absent a valid abrogation or waiver of immunity, the Eleventh Amendment bars suit in federal court against the State, its agencies, and officials acting in an official capacity.[1] *Puerto Rico Aqueduct and Sewer Auth. v. Metcalfe and Easy, Inc.*, 506 U.S. 139, 144-45 (1993); *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Alabama v.*

---

[1] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.  It is well established that this amendment also precludes citizens from bringing suits in federal court against their own states.  *See Hans v. Louisiana,* 134 U.S. 1, (1890); *see also Alden v. Maine,* 527 U.S. 706, 713, 729 (1999).

*Garrett,* 531 U.S. 356, 363 (2001).  Plaintiffs' claims should be dismissed because the State and its agencies are not susceptible to suit in federal court without a valid abrogation or waiver of its sovereign immunity, *see* U.S. Const. amend. XI; *Garrett*, 531 U.S. at 363, and, as explained below, there has been neither Congressional abrogation of states' sovereign immunity for claims brought under these statutes nor waiver by the State of Maryland of its Eleventh Amendment immunity.

The Circuit Courts of Maryland are the "highest common-law and equity courts of record exercising original jurisdiction within the State," and are vested with the judicial power of the State pursuant to the Maryland Constitution.  Md. Code Ann., Cts. & Jud. Proc. § 1-501; Md. Code Ann., Const. art. IV, §§ 1, 14, 18.  As such, they partake of the State's sovereign immunity and any claim brought against a circuit court is barred by Eleventh Amendment immunity.  *See Madison v. Wheat*, 2016 WL 3546223, at *2 (D. Md. June 23, 2016) ("The Circuit Court for Montgomery County, a state entity, is immune from suit in this Court."); *Lemon v. The Circuit Court for Howard Cty.*, 2015 WL 7012724, at *1 (D. Md. Nov. 12, 2015) (dismissing suit as barred by Eleventh Amendment where "[t]here can be no doubt that, having been 'vested' with the 'judicial power' of the State of Maryland, the Circuit Court of Howard County is an 'arm' of the state."); *Fishback v. Maryland*, No. JFM-12-927, 2012 WL 1145034, at *2 (D. Md. Apr. 4, 2012) (dismissing, on Eleventh Amendment grounds, complaint against the Circuit Court for Baltimore City).

### B.   The Legislative History Confirms the Congressional Intent that Eleventh Amendment Immunity Not be Abrogated and the State has Neither Waived its Immunity Nor Otherwise Consented to Suit.

Because Eleventh Amendment immunity bars all claims brought against the State, it agencies, and officers acting in an official capacity, Plaintiffs' claims for declaratory and injunctive relief brought under RLUIPA are barred here.  *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, (1984) (holding that the Eleventh Amendment deprives the federal courts of subject matter jurisdiction over any action asserted against a state "regardless of the nature of the relief sought.").

The legislative history confirms the understanding that although RLUIPA created a private cause of action, it did not abrogate Eleventh Amendment immunity.  Representative Charles Terrance Canady, one of three sponsors of the bill, explained that the Act creates "a private cause of action for damages, injunction, and declaratory judgment, and a defense to liability.  These claims and defenses lie against a government, but the Act does not abrogate the Eleventh Amendment immunity of states."  146 Cong. Rec. E1563-01, 146 Cong. Rec. E1563-01, E1563, 2000 WL 1369378 (daily ed. Sept. 22, 2000) (statement of Rep. Charles Terrance Canady).[2]  Thus, at the time the bill was debated and enacted, one of the three sponsors confirmed Congress' understanding and expressly stated Congress'

---

[2] "Charles Terrance Canady is an attorney and judge from Florida.  He has served on the Supreme Court of Florida since 2008, and has been its chief justice since July 1, 2018."  https://en.wikipedia.org/wiki/Charles_T._Canady (last visited February 25, 2019).  Prior to his appointment to the Florida Supreme Court, he "was a judge on Florida's Second District Court of Appeal from 2002 to 2008, and a Republican member of the United States House of Representatives from 1993 to 2001."  *Id.*

intent that the statute did not set aside the states' sovereignty.  It is for this reason that efforts to bring suit against the states under RLUIPA have centered on the second prong of the immunity analysis—whether the State waived its immunity or otherwise consented to suit by accepting federal funding.  *See e.g., Sossamon v. Texas*, 563 U.S. 277, 285 (2011) (holding that "RLUIPA's authorization of 'appropriate relief against a government,' is not the unequivocal expression of state consent [to waive immunity] that our precedents require.").

A state may waive its immunity in two ways: (1) "directly and affirmatively . . . in a state statute or constitutional provision, as long as the provision explicitly 'specif[ies] the state's intention to subject itself to suit in federal court;'" or (2) "by voluntarily participating in federal spending programs when Congress expresses 'a clear intent to condition participation in the programs . . . on a State's consent to waive its constitutional immunity.'"  *Booth v. Maryland,* 112 F.3d 139, 145 (4th Cir. 1997) (citations omitted)).  Here, the State of Maryland has not waived its immunity by statute and, as the Supreme Court made clear in *Sossamon*, the statutory phrase "appropriate relief against a government" did not "unambiguously notif[y]" any State that its acceptance of federal funds was conditioned on a waiver of immunity.   Thus, any receipt of federal funds does not effect a waiver of immunity under RLUIPA and no such claim has been made here.

Because Congress did not abrogate state immunity when enacting RLUIPA, and Maryland has neither consented to suit nor otherwise waived its immunity, Eleventh Amendment bars Plaintiffs claims brought against the Circuit Court, an arm of the State.  Accordingly, Plaintiffs' RLUIPA claims should be dismissed with prejudice.

**C.    Congress Did Not Abrogate State Immunity in Enacting 42 U.S.C. § 1983 and the State of Maryland Has Not Waived its Immunity.**

It is well established that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that § 1983 does not abrogate immunity of states); *Lynn v. West*, 134 F.3d 582, 586-87 (4th Cir. 1998) (affirming dismissal of § 1983 claim against the state for monetary, declaratory, and injunctive relief, on Eleventh Amendment immunity grounds); *Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 611 (D. Md. 2016), *aff'd*, 685 F. App'x 261 (4th Cir. 2017) ("While Plaintiff brings his federal claims pursuant to § 1983, Congress has not abrogated Eleventh Amendment immunity through that statute."); *see also Pennhurst*, 465 U.S. at 100 (Eleventh Amendment deprives the federal courts of subject matter jurisdiction over any action asserted against a state regardless of the nature of the relief sought).

Relief under 42 U.S.C. § 1983 against the Circuit Court is not available here because "a State is not a person within the meaning of § 1983" and cannot be a party defendant to a suit under this statute.  *Will*, 491 U.S. at 64.  The same is true for "governmental entities that are considered 'arms of the State.'"  *Id*. at 70-71; *see also Thompson v. Maryland Dep't of Transp*., No. AW-09-297, 2010 WL 2473269, at *3 (D. Md. June 14, 2010) (holding that a "wing of the Maryland Department of Transportation, an agency in the State of Maryland entitled to immunity — is clearly not subject to suit under § 1983").  As there is no reasonable dispute that a circuit court imbued with the judicial power of the State is an "arm of the State," it is clear that a claim cannot be brought against the Circuit Court under

§ 1983.

Thus, Eleventh Amendment immunity bars Plaintiffs' RLUIPA and 42 U.S.C. § 1983 claims in their entirety. These claims should be dismissed against the Circuit Court with prejudice.

## II. UNDER THE *ROOKER-FELDMAN* DOCTRINE, THIS COURT LACKS SUBJECT MATTER JURISDICTION TO ENTERTAIN A CHALLENGE TO A STATE COURT DECISION.

The Court should dismiss the complaint in its entirety due to the principle developed by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1982). The *Rooker-Feldman* doctrine applies to deny subject matter jurisdiction in cases, such as this one, "brought by state court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

The basis for the *Rooker-Feldman* doctrine is that, because federal district courts only have original jurisdiction, they have no jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. More importantly, "*Rooker–Feldman* applies where the injury alleged resulted from the state court judgment itself." *Senftle v. Landau*, 390 F. Supp. 2d 463, 469 (D. Md. 2005); *Johnson v. DeGrandy*, 512 U.S. 997 (1994) (providing that a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United

States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citation omitted) ("*Rooker–Feldman* is implicated" when "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual."); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015).

The *Rooker-Feldman* doctrine also precludes "federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state courts." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2009) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)); *see also Davani v. Virginia Dep't of Trans.*, 434 F.3d 712, 719 (4th Cir. 2006) ("if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court.").

Like other federal courts, the Fourth Circuit has invoked *Rooker-Feldman* in dismissing for lack of subject matter jurisdiction an attempt to litigate federal claims that, like Plaintiffs' claims, were "inextricably intertwined" with state court decisions, even though the Court acknowledged that the complaint did not expressly "seek to 'undo' the state court judgment."[3] *Smalley v. Shapiro & Burson, LLP*, 526 Fed. Appx. 231, 236 (4th

---

[3] The Fourth Circuit in *Smalley v. Shapiro & Burson, LLP,* 526 Fed. Appx. 231, 236 (4th Cir. 2013) cited the following as decisions in which "[o]ther courts have relied on

Cir. 2013) (dismissing for lack of subject matter jurisdiction suit brought by borrowers who lost their homes due to mortgage foreclosures).   The Fourth Circuit reasoned that, even though the plaintiffs did not directly seek the complete nullification of a state court judgment, "permitting their case to go forward would, in essence, hold that the state court judgments" were "in error" with respect to some of the relief granted and legal conclusions reached.  *Id.*  "This is not proper under *Rooker-Feldman* because their federal causes of action are 'inextricably intertwined' with the state court foreclosure actions."  *Id.*  For similar reasons, federal courts have dismissed on *Rooker-Feldman* grounds claims that involved federal fair housing laws asserted by plaintiffs aggrieved by state court eviction orders.  *See Fincher v. South Bend Housing Auth.*, 578 F.3d 567 (7th Cir. 2009); *Bablola v. B.Y. Equities, Inc.*, 63 Fed. Appx. 534 (2d Cir. 2003).

Here, Plaintiffs' RLUIPA and constitutional claims assert injury based on the Circuit Court's orders directing the removal and razing of the addition, making such federal claims in the instant suit "inextricably intertwined" with the Circuit Court judgments.  All of the harm alleged by Plaintiffs stems from the Circuit Court's orders in the underlying state case.  Any ruling in Plaintiffs' favor in this action requires this Court to find that the

---

*Rooker-Feldman* to bar the same or similar causes of action": *Distant v. Bayview Loan Servicing, LLC*, No. 09-61460-CIV, 2010 U.S. Dist. LEXIS 28274, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) (unpublished) (*Rooker-Feldman*  barred suit raising federal "conspiracy claims" where plaintiff was seeking, in effect, "to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void."); *Simpson v. Putnam Cnty. Nat'l Bank of Carmel*, 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) (holding that a foreclosure judgment was not subject to federal review under *Rooker-Feldman*, and noting that "the fact that plaintiff alleges that the . . . foreclosure judgment was procured by fraud and conspiracy [does not] change that result").

state court decided wrongly, thus causing the District Court to act in appellate review of a state law court.  Thus, the redress Plaintiffs seek is invalidation of the state court judgment, which "would render the [state court] judgment ineffectual." *Shooting Point,* 368 F.3d at 383.  Plaintiffs' claims against the Circuit Court, therefore, are inextricably intertwined with the state court decision.  For this reason, *Rooker-Feldman* bars this complaint.  *See Ihenachor v. Maryland,* No. RDB-17-3134, 2018 WL 1863678 at *3 (D. Md. Apr. 16, 2018) (citations omitted) (holding that plaintiff's claims directly attacking the Circuit Court for Queen Anne's County decision against him were barred by *Rooker-Feldman*).

Under *Rooker-Feldman*, this Court lacks subject matter jurisdiction to review Plaintiffs' claims and their complaint should be dismissed with prejudice.

## III.   THIS CASE IS APPROPRIATE FOR ABSTENTION.

### A.   Plaintiffs' Claims should be Dismissed under *Younger* Abstention.

Because there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), reflected in *Younger v. Harris,* 401 U.S. 37 (1971)*,* and its progeny, this Court should dismiss Plaintiffs' claims.[4] *Younger* abstention precludes federal courts from interfering with state court proceedings that are "'uniquely in furtherance of the state courts' ability to perform their judicial functions.'"  *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 73, 78 (2013) (quoting *New*

---

[4] Abstention under *Younger* is reviewed under an abuse of discretion standard. *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003).

*Orleans Public Service, Inc. v. New Orleans*, 491 U.S. 350, 367-68 (1989)).  Alternatively, under the *Younger* abstention doctrine, this case should be stayed pending the resolution of Plaintiffs' appeal in the Court of Special Appeals of Maryland.

Here, the elements warranting abstention are met.  There is an ongoing state judicial proceeding in the Court of Special Appeals of Maryland.  The proceeding implicates the important state interest of enforcing a judicial order.  The proceeding provides an adequate (and appropriate) opportunity for FOL to raise the issues raised in this action.  *Kaplan v. CareFirst, Inc.*, 614 F.Supp.2d 587, 595 (D. Md. 2009) ("So long as [the plaintiff] has the opportunity to raise his federal claims in the state court, . . . the intervention of a federal court is not necessary for the protection of his federal rights." (citation and internal quotation marks omitted)).  Because the same claims made in the instant action can be made in the pending state court appeal, "the interests of comity and wise judicial administration dictate that this court require [Plaintiffs] to do so."  *Woodward & Lothrop, Inc., Neall,* 813 F. Supp. 1158, 1163 (D. Md. 1993).

In short, this case presents the quintessential situation warranting the invocation of *Younger* abstention.  "The *Younger* doctrine is founded upon principles of comity and federalism, and rests upon the notion that 'the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  *Horowitz v. Mason,* No. DKC 15-3478, 2016 WL 1536321 at *4 (citations omitted).  This doctrine arises out of a strong preference "against the exercise of [federal] jurisdiction where particular kinds of state proceedings have already been commenced."  *Id*. (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schs*., 477 U.S. 619, 626 (1986)).

Accordingly, even if this Court were to find federal jurisdiction, it should nevertheless abstain and allow Plaintiffs' pending appeal to proceed in state court and forbid Plaintiffs from interfering with the pending state action by maintaining this parallel federal action involving claims that can be raised in the state appeal.

### B.      Plaintiffs' Claims should be Dismissed under *Pullman* Abstention.

In the alternative, the Circuit Court requests that a stay of the proceedings be ordered under the *Pullman* abstention doctrine, pending the resolution of Plaintiffs' pending appeal in the Court of Special Appeals of Maryland.  This doctrine applies as the resolution of the appeal touches upon a matter of sensitive social policy of peculiar interest to the state, and could obviate the need to decide a federal constitutional issue.  *See Woodward & Lothrop, Inc., Neall,* 813 F. Supp. 1158, 1162-63 (D. Md. 1993).  For instance, if the Court of Special Appeals were to reverse the Circuit Court, then Plaintiffs' claims against the Circuit Court would be resolved.  Therefore, this scenario could obviate the need for this Court to decide Plaintiffs' challenges to the Circuit Court's November 2, 2018 order.  Additionally, in *McFadden v. City of Baltimore*, this Court held that the *Pullman* doctrine applied where the plaintiff had a pending state appeal on a zoning law.  No. H-00-3037, 2001 WL 83277, at *4 (D. Md. Jan. 30, 2011).  The *McFadden* Court stated, "Either side in that case would have the right to challenge the Circuit Court's decision by seeking certiorari in the Court of Appeals of Maryland.  This Court concludes that the zoning issues in question should be decided by courts of the State of Maryland rather than by a federal court."  *Id.*  Likewise, in the case at bar, this Court should abstain under the same rationale as in *McFadden*.

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CIRCUIT COURT UPON WHICH RELIEF CAN BE GRANTED.

The complaint unequivocally fails to state a claim against the Circuit Court upon which relief can be granted and is, therefore, subject to dismissal under Rule 12(b)(6). When stripped of its conclusory statements, the complaint fails to state a plausible claim for relief against the Circuit Court.

Although Plaintiffs' allege that their RLUIPA and constitutional rights were violated, the complaint does not contain a statement of facts that support their conclusory assertions.[5]  The allegations must be ignored because they lack the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wag More Dogs, LLC. v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678).  This is particularly true with regard to the Circuit Court because the complaint contains no specific fact, allegation, or claim identifying how the Circuit Court allegedly violated Plaintiffs' RLUIPA and constitutional rights whatsoever other than to identify the Circuit Court's rulings which Plaintiffs are unhappy with, so the Circuit Court has "little idea where to begin" in responding to the complaint. *Twombly*, 550 U.S. at 565 n. 10 (2007).  Naturally, the Circuit Court does not deny the existence of Judge Souder's and Cox's respective orders and the only relevant facts alleged

---

[5] Certainly, the complaint does not contain facts supporting a conclusion that the Circuit Court imposed or implemented a land use regulation as required by 42 U.S.C. § 2000cc. (*See generally* ECF No. 1, Compl. at 6-18.)  Likewise, Plaintiffs make no assertion that the Circuit Court receives federal funding relating to land use regulation. (*Id.*)  Further, it is clearly not a function of the Circuit Court to "impose or implement land use regulation." *See generally* 42 U.S.C. § 2000cc.  Instead, it is without question that the general function of the Circuit Court is to adjudicate judicial claims.

against the Circuit Court are the existence of the orders.  Therefore, the complaint does not "contain sufficient allegations of underlying facts" to give the Circuit Court fair notice to enable the Circuit Court to defend itself effectively.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2007).

Plaintiffs have failed to plead plausible causes of action with regard to the Circuit Court.   The complaint, while replete with "the-defendant-unlawfully-harmed-me accusation[s]," fails to allege facts to support the elements required of each cause of action, instead "offer[ing] labels and conclusions" and offering "naked assertions devoid of further factual enhancement."  *Ashcroft*, 556 U.S. at 678.  What Plaintiffs omit is a clear and concise statement of the facts necessary to constitute any cause of action against the Circuit Court as required by Federal Rule of Civil Procedure 8.  Although the complaint names the Circuit Court as a Defendant, nowhere does the complaint state any basis for inferring that the Circuit Court committed any violation of law or failed to take any action that was legally required.  To the contrary, Plaintiffs are merely displeased with the Circuit Court's decision(s).

Absent a clear statement demonstrating why Plaintiffs are entitled to relief, Plaintiffs fail to satisfy any of the pleading requirements.  Thus, because Plaintiffs have failed to state any claim upon which relief can be granted, the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant, Circuit Court for Baltimore County, moves that this Court dismiss this matter with prejudice.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/  *Kevin M. Cox*
KEVIN M. COX (BAR # 29012)
Assistant Attorney General
200 St. Paul Pl, 20th floor
Baltimore, Maryland  21202
(410) 576-6388
(410) 576-6393
kcox@oag.state.md.us

*Attorneys for Defendant,*
  *Circuit Court for Baltimore County*

**United States District Court For The District of Maryland**
Civil Case No. 1:18-cv-03943-GLR

## EXHIBIT LIST

| **Exhibit** | **Description** |
|---|---|
| 1 | Omitted to conform to ECF Numbering. |
| 2 | *Zoll v. Friends of Lubavitch, Inc.,* Case No. 03-C-16 008420, docket |
| 3 | *Friends of Lubavitch, Inc. v. Zoll*, No. 03-C-16-008420, 2018 WL 5279363 |