IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| FRIENDS OF LUBAVITCH, INC., | * | |
| *Plaintiffs*, | * | |
| v. | * | Case No.: 1:18-cv-03943-GLR |
| BALTIMORE COUNTY, MARYLAND, et al., | * | |
| *Defendants*, | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT, CIRCUIT COURT FOR BALTIMORE COUNTY'S,
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' Opposition unabashedly confirms that the Circuit Court is correct in its motion to dismiss: as against the Circuit Court this lawsuit is nothing more than a collateral attack on two of the Circuit Court's orders that Plaintiffs are merely unhappy with. In fact, Plaintiffs' candidly admit that they seek to challenge and overturn the Circuit Court's orders. (ECF No. 24 at 14 ("The Plaintiffs contend that at the conclusion of this litigation, the [circuit] court orders will be found illegal and invalid."); *id.* at 14 ("The Plaintiffs surely have Article III standing to . . . challenge in this Court the Circuit Court orders . . . ."); *id.* at 15 ("the Circuit Court decision is being appealed and is vigorously contested, **both in the Maryland state court system and in this federal court**.") (emphasis added); *id*. at 22 ("**The validity of the Circuit Court demolition order** . . . **will be challenged in this lawsuit**.") (emphasis added); *see id.* at 6 (taking issue with evidentiary rulings of the Circuit Court).) Plaintiffs' assertion that this suit does not seek "specific review" of a state court judgment is disingenuous and contrary to their own Opposition. (ECF No. 24 at 11.)

Plaintiffs baldly claim that Eleventh Amendment immunity does not bar claims against states for declaratory and injunctive relief. Decades of precedent proves Plaintiffs wrong. Similarly, Plaintiffs attempt to turn this into an *Ex parte Young* action. It is nothing of the sort. Rather, this is a claim against the Circuit Court. The Circuit Court is an arm of the State of Maryland and, therefore, this is a suit against the State. Accordingly, the *Ex parte Young* doctrine is inapplicable because it only applies to claims against state officials acting in their individual official capacity. This is not the case here.

Plaintiffs also fail to even address the Circuit Court's argument that the complaint fails to state a claim against the Circuit Court upon which relief may be granted. For that reason alone, the complaint should be dismissed. Further, Plaintiff's Opposition only emphasizes the propriety of applying the *Rooker-Feldman* doctrine to preclude jurisdiction here, because it is clear that the purpose of their federal lawsuit is to undo the effects of two state court decisions that were rendered before the commencement of this lawsuit. Finally, even if this Court has jurisdiction to consider this action, abstention is appropriate.

## ARGUMENT

I. **PLAINTIFFS ARE PATENTLY INCORRECT THAT ELEVENTH AMENDMENT IMMUNITY DOES NOT BAR CLAIMS AGAINST STATES FOR DECLARATORY AND INJUNCTIVE RELIEF AND THAT THIS IS AN EX PARTE YOUNG ACTION.**

Plaintiffs miss the mark on the Circuit Court's Eleventh Amendment immunity argument and improperly claim that this is an *Ex Parte Young* action. It is not.

The Circuit Court's opening argument in its motion to dismiss is that Eleventh Amendment Immunity bars all claims brought in this action against the Circuit Court under RLUIPA and 42 U.S.C. § 1983. (ECF No. 20-1 at 7-12.) States are immune under the

Eleventh Amendment in federal court for declaratory and injunctive relief. The Circuit Court is an arm of Maryland and, therefore, is immune from this suit.

Plaintiffs concede that they cannot obtain monetary damages against the Circuit Court (ECF No. 24 at 8 (confirming that "The only relief that the Plaintiffs are seeking against the Circuit Court [is] . . . declaratory and injunctive relief.").) Plaintiffs go on, however, to incorrectly claim that the instant suit is an *Ex parte Young*[1] action and that "the Eleventh Amendment protects States and their agencies *only* against liability for monetary damages." (*Id.* at 9 (emphasis in original).) Plaintiffs are simply wrong.

The Eleventh Amendment deprives federal courts of subject matter jurisdiction over any action asserted against a state "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, (1984). Stated another way, states may not be sued in federal court for prospective declaratory and injunctive relief.[2] *Monger v. Connecticut Dep't of Transportation*, No. 3:17-CV-00205, 2017 WL 3996393, at *5 (D. Conn. Sept. 11, 2017) ("Eleventh Amendment sovereign immunity for states and state agencies 'applies regardless of the nature of the relief sought,' **including to declaratory and injunctive relief**.") (citing *Pennhurst*, 465 U.S. at 100 (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933))) (emphasis added). This is, of course, why the *Ex parte Young* doctrine exists.

---

[1] *Ex Parte Young*, 209 U.S. 123 (1908).

[2] So, Plaintiffs are plainly incorrect that "the Eleventh Amendment protects States and their agencies *only* against liability for monetary damages." (ECF No. 24 at 9 (emphasis in original).)

The *Ex parte Young* doctrine is a "narrow exception" to Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 76 (1996). In *Ex Parte Young*, the Supreme Court recognized that the Eleventh Amendment "permits suits for prospective injunctive relief against state **officials** acting in violation of federal law." *Frew ex rel. v. Hawkins*, 540 U.S. 431, 437 (2004) (emphasis added). *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 294, 296 (1997) (O'Connor, J., concurring); *id.* at 297–98 (Souter, J., dissenting) (the *Ex parte Young* exception to Eleventh Amendment immunity remains generally available to a plaintiff who seeks prospective declaratory and injunctive relief against a state **official** for an ongoing violation of federal law) (emphasis added); *Green v. Mansour*, 474 U.S. 64, 68; *Pennhurst State School & Hosp.*, 465 U.S. at 106 (1984); *Booth v. Maryland*, 112 F.3d 139, 141–42 (4th Cir. 1997).

Thus, Plaintiffs are correct that under the *Ex parte Young* doctrine Eleventh Amendment immunity does not apply to suits "'against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.'" (ECF No. 24 at 9 (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. at 73).) But, such suits must be against individual state actors sued as individuals acting in their official state capacities. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, (1993) (*Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought."). Such is not the case here.

The Circuit Court is a state agency and, therefore, the narrow *Ex parte Young* exception does not apply to Plaintiffs' claims against it, regardless of the relief Plaintiffs seek. *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 496 (10th Cir. 1998)

4

(barring a plaintiff's request for declaratory and injunctive relief against a state university because "the *Ex parte Young* exception does not permit plaintiff to subject [the university], [or] its Regents . . . to suit because they are state agencies . . . ."). Even the three cases Plaintiffs cite support this. (ECF No. 24 at 9.)[3]

The types of cases permitted under *Ex parte Young* are the exact opposite of the instant case, which is a suit against a state itself and not against any individual state actor acting in his/her official capacity. This suit cannot possibly be an *Ex parte Young* action; thus, the Circuit Court is entitled to Eleventh Amendment immunity as an arm of the State.

## II. PLAINTIFFS FAIL TO OPPOSE THE CIRCUIT COURT'S ARGUMENT THAT THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE CIRCUIT COURT UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs utterly fail to address the Circuit Court's argument that the complaint fails to state a claim against the Circuit Court upon which relief can be granted and is, therefore, subject to dismissal under Rule 12(b)(6). (*Compare* ECF No. 20-1 at 18-19 *with* ECF 24.) Plaintiffs make clear in their opposition that the sole reason the Circuit Court is a Defendant in this action is because Plaintiffs are dissatisfied with the Circuit Court's orders.

An argument not addressed is an argument conceded. *See, e.g., Johnson v. United States*, 861 F. Supp. 2d 629, 634 (D. Md. (2012) ("Because the [plaintiffs] . . . failed to

---

[3] *Lynn v. West*, 134 F.3d 582, 585, 587-88 (4th Cir. 1998) (allowing a claim for declaratory and injunctive relief to proceed under *Ex parte Young* against "West, a[n individual] Revenue Enforcement Officer"); *CSX Transp. Inc. v. Bd. of Pub. Works of State of W. Virginia*, 40 F. App'x 800, 802, 805 (4th Cir. 2002) (allowing a claim for declaratory and injunctive relief to proceed "against the individual defendants . . . under *Ex Parte Young*"); and *TFWS, Inc. v. Schaefer*, 242 F.3d 198, 201, 205 (4th Cir. 2001) (allowing a claim for declaratory and injunctive relief to proceed against individual state actors under *Ex parte Young*).

address the issue in any way in opposing summary judgment, they abandoned the argument."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (granting motion to dismiss as to theory of relief that the plaintiff did not address in her opposition, noting that "[b]y her failure to respond to this argument, the plaintiff abandons any discriminatory discharge claim").

In order to have a valid RLUIPA claim against the Circuit Court, Plaintiffs must have alleged facts supporting a conclusion that the Circuit Court imposed or implemented a land use regulation as required by 42 U.S.C. § 2000cc, that the Circuit Court receives federal funding relating to land use regulation, and that it is a function of the Circuit Court to "impose or implement land use regulation." *See generally* 42 U.S.C. § 2000cc. Plaintiffs make no such allegations because they know they are false. Instead, it is without question that the general function of the Circuit Court is to adjudicate judicial claims.

Naturally, the Circuit Court does not deny the existence of its applicable orders in this case and the only relevant facts alleged against the Circuit Court are the existence of the orders. Therefore, the complaint does not "contain sufficient allegations of underlying facts" to give the Circuit Court fair notice to enable the Circuit Court to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2007).

Because Plaintiffs have utterly failed to state any claim upon which relief can be granted, and simply failed to even argue that they did, the complaint should be dismissed.

### III. THE *ROOKER-FELDMAN* DOCTRINE APPLIES.

The Circuit Court adopts as if included herein the argument in Co-Defendants' Reply Memorandum in Further Support of Motion to Dismiss titled, "The Court Should Dismiss Plaintiffs' Claims Under the *Rooker-Feldman* Doctrine." (ECF No. 30 at 2-7.)

### III. ABSTENTION IS APPROPRIATE.

While it is abundantly clear that the Circuit Court should and cannot be an ongoing Defendant in this matter, in the event that Plaintiffs' complaint is not dismissed in its entirety as against the Circuit Court, then in the alternative abstention is warranted.

Plaintiffs cannot be clearer that the sole reason the Circuit Court is a Defendant in this action is because Plaintiffs are displeased with the Circuit Court's rulings unfavorable to Plaintiffs, and seek to reverse them. In their one-page argument, Plaintiffs gloss over the very important state interests at stake of the collateral attack on the Circuit Court's orders pending appeal in state court. (ECF No. 24 at 12-13.) More specifically, they ignore what matters most under *Younger v. Harris,* 401 U.S. 37 (1971): federal judicial interference with "a State's interest in enforcing the orders and judgments of its courts." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). *See also Harper v. Pub. Serv. Comm'n of W.VA.,* 396 F.3d 348, 352 (4th Cir. 2005) (a core source of state authority is "enforcing state court judgments [which] cuts to the state's ability to operate its own judicial system, a vital interest for *Younger* purposes.").

Plaintiffs further ignore the fact that as against the Circuit Court, if the Court of Special Appeals of Maryland were to reverse the Circuit Court, then Plaintiffs' claims against the Circuit Court would be resolved. Therefore, this scenario could obviate the

7

need for this Court to decide Plaintiffs' challenges to the Circuit Court's November 2, 2018 order.  Additionally, Plaintiffs ignore that in *McFadden v. City of Baltimore*, this Court held that the *Pullman* abstention doctrine applied where the plaintiff had a pending state appeal on a zoning law.  No. H-00-3037, 2001 WL 83277, at *4 (D. Md. Jan. 30, 2011) ("This Court concludes that the zoning issues in question should be decided by courts of the State of Maryland rather than by a federal court.").

## CONCLUSION

For the above reasons, and the reasons stated in the Circuit Court's Memorandum in Support of Motion to Dismiss, Plaintiffs' Complaint should be dismissed with prejudice.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

 /s/  Kevin M. Cox
KEVIN M. COX (BAR # 29012)
Assistant Attorney General
200 St. Paul Pl, 20th floor
Baltimore, Maryland  21202
(410) 576-6388
(410) 576-6393
kcox@oag.state.md.us
*Attorneys for Defendant,*
  *Circuit Court for Baltimore County*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 27, 2019, a copy of the foregoing Defendant, Circuit Court for Baltimore County's, Reply Memorandum in Support Motion to Dismiss was served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on all persons entitled to receive such notice.

 /s/  Kevin M. Cox
Kevin M. Cox