# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FRIENDS OF LUBAVITCH, INC., *et al.*

     *Plaintiffs,*

v.              Case No. 18-cv-03943-GLR

BALTIMORE COUNTY, MARYLAND, *et al.*

     *Defendants.*

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

Plaintiffs hereby move for an order, pursuant to Local Rule 105, granting leave to file a Surreply to the defendants' Reply Memoranda in support of their Motions To Dismiss filed on May 29 and June 27, 2019. The grounds therefor are as follows:

1. Plaintiffs' Complaint was filed on December 20, 2018.

2. On January 9, 2019 Assistant County Attorney James J. Nolan requested that plaintiffs consent to an extension of time of 30 days to respond to the complaint. On January 9, 2019, plaintiffs consented (Exhibit 1) and agreed that Mr. Nolan could sign plaintiffs' counsel's name to the stipulation (Exhibit 2).

3. The Memoranda filed in support of defendants' Motions To Dismiss [ECF No. 15-1] covered 35 pages. Plaintiffs' counsel requested a 30-day extension of time to file an Opposition to the Motions To Dismiss. (Exhibit 3) In response, Howard R. Feldman, Esq., stated at 2:02 pm on March 5, 2019, that the requested extension was "acceptable to the Baltimore County defendants" if plaintiffs consented to a similar 30-day extension for their reply brief. Four minutes later, plaintiffs' counsel replied, "Agreed." (Exhibit 4).

1

4. Pursuant to this Stipulation, confirmed by the Court, the date for filing defendants' reply briefs was May 29, 2019.

5. Plaintiffs filed their Reply to the Motions To Dismiss [ECF No. 34] on April 15, 2019.

6. On May 13, 2019, at 6:43 pm, Assistant Attorney General Kevin Cox advised plaintiffs' counsel that he had suffered an accident requiring surgery and was requesting consent to an extension of time to file the Circuit Court's reply to June 28, 2019. At 7:49 am on the following morning, plaintiffs' counsel replied, "We do, of course, consent to your requested extension of time . . . ." (Exhibit 5).

7. Pursuant to these stipulations, Baltimore County's reply [ECF No. 30] was filed on May 29, 2019, and the Circuit Court's reply [ECF No. 31] was filed on June 27, 2019. The reply memoranda totaled 29 pages and cited 32 authorities, many that had not been cited in previous filings. The memoranda were devoted entirely to argument on issues of law.

8. On June 28, 2019 – the day following the filing of the Circuit Court memorandum – plaintiffs' counsel sent an e-mail to the attorneys for the defendants requesting their consent to a stipulation authorizing plaintiffs to file a surreply in 30 days – *i.e.*, by July 26, 2019. (Exhibit 6)

9. Without stating any possible prejudice to the defendants or any reason why plaintiffs should not be permitted to answer the legal arguments made in the defendants'

memoranda, Howard R. Feldman, Esq., replied on June 29, "Nathan, the Baltimore County defendants will not consent to the filing of a surreply." (Exhibit 7)

10. On July 1, 2019, Assistant Attorney General Kevin Cox replied, "Good morning. As to the Circuit Court, I do not see the need/justification for a surreply." (Exhibit 8) This assertion was made notwithstanding the argument first made in the Circuit Court's reply that *Ex parte Young* (not mentioned or distinguished in the Circuit Court's initial memorandum) does not apply to the Circuit Court.

11. Plaintiffs have responses to present to the Court on the issues of law discussed in the memoranda filed on behalf of the defendants. These responses should be considered by the Court in ruling on the pending Motions To Dismiss the Complaint. Other than seeking to keep the Court from hearing and considering legal arguments that plaintiffs would present to support the claims in their complaint, there is no reason whatever to bar the filing of a surreply.

12. There are, to be sure, instances in which continuous repetitive briefing may be wasteful, and that is why Local Rule 105 requires, in ordinary motion practice, that the Court authorize the filing of a surreply. But where there is no claim that prejudicial delay would result if plaintiffs file a legal brief concerning the validity of a complaint which presents issues of law that are currently being litigated in federal appellate courts, plaintiffs should not be silenced and prevented from responding to legal arguments made by defendants. It is difficult to see any justification for the defendants' refusal to consent

to the filing of a responsive brief by the plaintiffs other than sheer obstructionism.

For the above reasons, plaintiffs should be granted leave to file a surreply on or before July 26, 2019.

Respectfully submitted,

Dated: July 1, 2019

*/s/Nathan Lewin*
Nathan Lewin, Esq. (D. Md. 03312)
LEWIN & LEWIN, LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000
nat@lewinlewin.com

David Felsen, Esq.
FELSEN & SARGENT, LLC
600 Jefferson Plaza, Suite 201
Rockville, MD 20852
(301) 251-4010
dfelsen@mdlawyers.com
*Attorneys for Plaintiffs*