# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FRIENDS OF LUBAVITCH, INC., *et al.*

        *Plaintiffs,*

v.                                       CIVIL NO: GLR-18-3943

BALTIMORE COUNTY, MARYLAND, *et al.*

        *Defendants.*

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs hereby move, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 10 of the Rules of this Court, for reconsideration of this Court's Order of September 30, 2019, and the Memorandum Opinion of the same date granting the motions to dismiss of the defendants Baltimore County, Baltimore County Department of Planning, Baltimore County Board of Appeals, and Circuit Court for Baltimore County, and directing the Clerk to close the case. The grounds for this motion are as follows:

(1) This Court's Memorandum Opinion (pp. 1-10) summarized the factual allegations of the Complaint. Plaintiff FOL purchased the Property with the immediate declared public intention of using the building on the Property to provide a home for Rabbi Rivkin's family and kosher-food hospitality and Jewish education for Jewish students at neighboring Towson University and Goucher College. The Property was not purchased to be utilized as a synagogue. Nonetheless, when plaintiffs sought to enlarge the building to accommodate the large number of Jewish students who were benefiting from its religious use, the defendants directed them first to meet with their neighbors and then instructed them to apply for zoning approval as a synagogue. The County defendants thereafter embarked on a course of conduct, described in particular in Paragraphs 30 through 50 of the Complaint, to delay, obstruct, and prevent the plaintiffs from

securing a building permit to enlarge its building to meet the increased need to serve the religious observance of Towson and Goucher students. This conduct violated various provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The defendants' illegal conduct also culminated in a decision of the Circuit Court for Baltimore County (presently pending on appeal in the Maryland Court of Special Appeals) that relied on and was based on erroneous and improper findings produced by, and attributable to, the defendants' unlawful course of conduct.

(2) The Court's Memorandum Opinion denied the defendants' motions to dismiss based on the "Rooker-Feldman Doctrine" (pp. 16-17) and on the contention that the plaintiffs lacked standing (pp. 17-19).

(3) The grounds stated by the Court for dismissal of the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure may be cured by amendments to the Complaint, as specified in the contemporaneously filed Motion for Leave To File an Amended Complaint.

(4) Under Rule 15 of the Federal Rules of Civil Procedure and decisions of the Court of Appeals for the Fourth Circuit (*Hart v. Hanover County School Board*, 495 Fed. Appx. 314 (4th Cir. 2012)) and of this Court (*Bioiberica Nebraska, Inc. v. Nutramax Mfg., Inc.*, 2019 WL 5102674 (D. Md., October 10, 2019) (Gallagher, U.S.D.J.)), the plaintiffs may file an Amended Complaint even after the Court grants motions to dismiss. See also *Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 519-522 (7th Cir. 2015).

(5) Plaintiffs are contemporaneously filing a motion for leave to file an Amended Complaint.

For the foregoing reasons and those set out in plaintiffs' Motion for Leave To File an Amended Complaint, the Court's Order and Memorandum Opinion of September 30, 2019, should be amended to provide that leave is granted to file an Amended Complaint within 30 days of the date of said Amended Order.

Respectfully submitted,

Dated: November 26, 2019

*/s/Nathan Lewin*
Nathan Lewin, Bar No. 03312
LEWIN & LEWIN, LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000
nat@lewinlewin.com

David Felsen, Esq.
FELSEN & SARGENT, LLC
600 Jefferson Plaza, Suite 201
Rockville, MD 20852
(301) 251-4010
dfelsen@mdlawyers.com

*Attorneys for Plaintiffs*