UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 1, 2020

MEMORANDUM TO COUNSEL RE:   Friends of Lubavitch, et., v. Baltimore
County, Maryland, et al.
Civil Action No. GLR-18-3943

Dear Counsel:

Pending before the Court is Plaintiffs Friends of Lubavitch, Inc. ("FoL"), Rabbi Menachem Rivkin, Sheina Rivkin, Avigail London, Uri London, Margaret Kay, Danielle Gold, Jessica Teich, Ilan Pluznik, Abby Adelman, and Jessica Rudin's Motion for Leave to File Amended Complaint (ECF No. 39) and Motion for Reconsideration (ECF No. 40). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motions.

FoL is a religious corporation that was formed to support the global Orthodox Jewish Chabad-Lubavitch movement in Maryland and to establish Chabad centers, a rabbinical school, and a primary school. (Compl. ¶¶ 3, 23, ECF No. 1). Plaintiffs Rabbi Menachem Rivkin ("Rabbi Rivkin") and Sheina Rivkin (collectively, the "Rivkins") have administered one of those centers, the Towson Chabad House (the "Chabad House"), which has served Orthodox Jewish students and alumni of the nearby Towson University and Goucher College in Baltimore County, Maryland, including the eight other Individual Plaintiffs. (Id. ¶¶ 4–13, 19).

This action arises from FoL's efforts to expand the Chabad House, which began in 2011. (Id. ¶¶ 31–32). A determination by Defendants Baltimore County Maryland, Baltimore County Department of Planning, and Baltimore County Board of Appeals' (collectively, the "County") temporarily suspended the expansion upon finding that the expansion violated residential zoning requirements. (Id. ¶¶ 35–50). FoL eventually received a building permit to begin construction in 2016. (Id. ¶¶ 51–52). However, construction was stalled again when a neighbor and neighborhood organization sued FoL in the Circuit Court for Baltimore County, Maryland (the "Circuit Court") to enforce a covenant contained in the Chabad House deed that imposed a "setback" requirement. (Id. ¶¶ 53–56). Following a bench trial in 2017, Judge Susan Souder ordered removal of the expansion insofar as it violated the covenant. (Id. ¶¶ 57–58). In a subsequent proceeding, Judge Kathleen Gallogly Cox ordered that the expansion be "razed." (Id. ¶ 63).

On December 20, 2018, Plaintiffs sued the County and the Circuit Court. (ECF No. 1). In their nine-count Complaint, Plaintiffs asserted various violations under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc (2018) ("RLUIPA") (Counts I–V); violation of the Free Exercise Clause of the First Amendment to the U.S. Constitution (Count VI); violation of the Equal Protection Clause of the Fourteenth Amendment (Count VII); and violation of the

Due Process Clause of the Fourteenth Amendment (Count VIII). (Compl. ¶¶ 18–84). Plaintiffs FoL and Rabbi Rivkin separately alleged defamation (Count IX). (Id. ¶¶ 85–90). Plaintiffs brought their three constitutional claims (Counts VI–VIII) under 42 U.S.C. § 1983 (2018). (Compl. at 18–19). Plaintiffs sought declaratory and injunctive relief, as well as monetary damages and their attorney's fees and costs. (Id. at 20–21).

On February 28, 2019, the County and Circuit Court each filed a Motion to Dismiss. (ECF Nos. 15, 20). After the motions were fully briefed, the Court issued a Memorandum Opinion and Order on September 30, 2019 granting the motions pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(1) and dismissing Plaintiffs' Complaint. (ECF Nos. 35, 36).

On November 26, 2019, Plaintiffs filed a Motion for Leave to File Amended Complaint and Motion for Reconsideration pursuant to Rule 59(e). (ECF Nos. 39, 40). The County filed its consolidated Opposition on January 21, 2020. (ECF No. 45). The Circuit Court filed its consolidated Opposition the same day. (ECF No. 46). On February 7, 2020, Plaintiffs filed a combined Reply in support of both Motions. (ECF No. 52).

The United States Court of Appeals for the Fourth Circuit has recognized in Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006), and more recently in Katyle v. Penn National Gaming, Inc., 637 F.3d 462, 470–71 (4th Cir. 2011), cert. denied, 132 S.Ct. 115 (2011), that the only distinction between a pre- and a post-judgment motion to amend is that the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or 60(b). See Katyle, 637 F.3d at 470; Laber, 438 F.3d at 427. "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards."[1] Katyle, 637 F.3d at 471. Thus, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." Id. Consonant with the federal policy in favor of resolving cases on their merits, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Nonetheless, leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

Plaintiffs contend that their proposed amended complaint would specifically address the deficiencies identified in this Court's September 30, 2019 Memorandum Opinion and, as such, would not be futile. However, Plaintiffs failed to submit a proposed amended complaint and red-lined comparison to their Motion as required by Local Rule 103.6 and Federal Rule of Civil Procedure 7(b). Instead, Plaintiffs summarize the Court's rationale for dismissing each claim and the proposed amendment that would remedy the cited deficiency. For example, Plaintiffs assert that the amended complaint will "specify in greater detail the causal nexus between the actions of

---

[1] The County and Circuit Court argue that Plaintiffs' Motion for Reconsideration should be denied for failure to identify an intervening change in controlling law, to account for new evidence not previously available, or to correct a clear error of law as required by Rule 59(e). However, Katyle makes clear that, in this instance, Plaintiffs are not limited to reconsideration on those bases.

the defendants and the court orders directing destruction of the building" to bolster their RLUIPA "substantial burden" claim that the County's actions "caused" the Circuit Court judges to order that Plaintiffs' house be razed. (Pl.'s Mot. Leave File Am. Compl. ["Mot. File Am. Compl."] at 3, ECF No. 39). As to their RLUIPA nondiscrimination claim, Plaintiffs offer scant specifics, and their summaries are too vague to satisfactorily apprise the Court of the substance of their proposed amendments. The Motion is rife with equally vague summaries that Plaintiffs tout as remedial. The Court is not persuaded.

Although "[d]etermining whether amendment would be futile does not involve an evaluation of the underlying merits of the case," Tucker v. Specialized Loan Servicing, LLC, 83 F.Supp.3d 635, 647 (D.Md. 2015), the Court must evaluate the merits insofar as they bear upon the futility of the proposed amendments, Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). To that end, the Court must be able to determine "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle, 637 F.3d at 471. Here, the Court is unable to adequately assess the sufficiency of Plaintiffs' proposed amendments because Plaintiffs failed to provide a proposed amended complaint, and the summaries of those amendments are so broad that they fail to adequately apprise the Court of Plaintiffs' allegations. Thus, Plaintiffs' Motion to Amend will be denied for failure to comply with Local Rule 103.6 and Federal Rule of Civil Procedure 7(b)—procedural defects that are not cured by Plaintiffs' summarized amendments. See Bock v. Florists' Transworld Delivery, Inc., No. WDQ-12-3702, 2013 WL 5276551, at *7 (D.Md. Sept. 16, 2013) (explaining that the district court does not abuse its discretion in declining to grant a motion to amend the complaint when the plaintiff fails to submit a proposed amended complaint or otherwise adequately identify the proposed amendments).

Because the Court is unable to determine the futility of Plaintiffs' proposed amendments, the Court will also deny Plaintiffs' Motion for Reconsideration, which is tethered to the merits of their Motion for Leave to Amend. See Katyle, 637 F.3d at 471.

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 39) and Motion for Reconsideration (ECF No. 40) are DENIED without prejudice. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge